UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE:<br><br>GENERAL MOTORS LLC IGNITION<br>SWITCH LITIGATION<br><br>*This Document Relates to:*<br><br>*ALL ECONOMIC LOSS ACTIONS* | No. 14-MD-2543 (JMF)<br>No. 14-MC-2543 (JMF) |

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT,
DIRECTING NOTICE UNDER RULE 23(E), AND GRANTING <u>RELATED RELIEF</u>**

Before the Court is the Parties' *Joint Motion for Preliminary Approval of Class Settlement, Approval of Notice Procedures, and Appointment of Class Counsel & Class Representatives* (the "Joint Motion for Preliminary Approval"), brought pursuant to Rule 23 of the Federal Rules of Civil Procedure.[1]

WHEREAS, Economic Loss Plaintiffs ("Plaintiffs"), General Motors LLC ("New GM"), and the Motors Liquidation Company GUC Trust (the "GUC Trust") (collectively, the "Parties") have entered into a Settlement Agreement (the "Settlement Agreement") subject to preliminary and final approval by this Court.

WHEREAS, the Settlement Agreement, including the exhibits attached thereto, sets forth the terms and conditions of a proposed settlement and dismissal with prejudice of (a) all economic loss claims, whether asserted as class, mass, or individual actions, however denominated, that are consolidated for pretrial proceedings in the MDL Court in *In re: General Motors Ignition Switch*

---

[1] Capitalized terms used herein but not otherwise defined shall have the meaning assigned to such terms in the Settlement Agreement.

*Litigation*, Case No. 14-MD-2543 (JMF) ("MDL 2543"), including those listed in Exhibit 1 to the Settlement Agreement and all economic loss claims relating to the Recalls[2] filed in the past, present or future in any federal or state court, and (b) all economic loss claims, whether asserted as class, mass, or individual claims, including all Late Claims Motions and all Proposed Proofs of Claims involving alleged economic loss, however denominated, filed or asserted in the Bankruptcy Case[3] ((a) and (b) collectively, the "Actions" as defined in the Settlement Agreement);

WHEREAS, the Court, in a separate order, has withdrawn the reference to the Bankruptcy Court of certain aspects of the Bankruptcy Case for purposes of considering and effectuating the terms of the Settlement Agreement;[4]

---

[2] "Recalls" is defined in the Settlement Agreement as the following seven motor vehicle recalls conducted by New GM in 2014 as described by National Highway Transportation Safety Administration ("NHTSA") recall number: NHTSA Recall No. 14v047 (Delta Ignition Switch), NHTSA Recall No. 14v355 (Impala Key Rotation), NHTSA Recall No. 14v394 (Cadillac CTS/SRX Key Rotation), NHTSA Recall No. 14v400 (Malibu Key Rotation), NHTSA Recall No. 14v346 (Knee-to-Key Camaro), NHTSA Recall No. 14v118 (Side Airbag), and NHTSA Recall No. 14v153 (Power Steering). NHTSA Recall No. 14v047 encompassed the following vehicles: (1) 2005-2007 Chevrolet Cobalt; 2006-2007 Chevrolet HHR; 2007 Pontiac G5; 2007 Saturn Sky; 2003 Saturn Ion; and 2006-2007 Pontiac Solstice; and (2) 2008-2010 Chevrolet Cobalt; 2008-2011 Chevrolet HHR; 2008-2010 Pontiac G5; 2008-2010 Saturn Sky; and 2008-2010 Pontiac Solstice. NHTSA Recall No. 14v355 encompassed the 2005-2009 Buick Lacrosse; 2006-2014 Chevrolet Impala; 2000-2005 Cadillac Deville; 2006-2011 Cadillac DTS; 2006-2011 Buick Lucerne; and 2006-2007 Chevrolet Monte Carlo. NHTSA Recall No. 14v394 encompassed certain 2003-2014 Cadillac CTS (as identified by VIN); and certain 2004-2006 Cadillac SRX (as identified by VIN). NHTSA Recall No. 14v400 encompassed the 2000-2005 Chevrolet Impala; 1997-2003 Chevrolet Malibu; 2000-2005 Chevrolet Monte Carlo; 1999-2004 Oldsmobile Alero; 1998-2002 Oldsmobile Intrigue; 1999-2005 Pontiac Grand Am; and 2004-2008 Pontiac Grand Prix. NHTSA Recall No. 14v346 encompassed 2010-2014 Chevrolet Camaros. NHTSA Recall No. 14v118 encompassed some 2008-2009 (as identified by VIN) and all 2010-2013 Buick Enclave; some 2009 (as identified by VIN) and all 2010-2013 Chevrolet Traverse; some 2008-2009 (as identified by VIN) and all 2010-2013 GMC Acadia; and 2008-2010 Saturn Outlook. NHTSA Recall 14v153 encompassed some 2005-2010 Chevrolet Cobalt, some 2009-2010 Chevrolet HHR, some 2007-2010 Pontiac G5, 2004-2007 Saturn Ion, 2004-2005 Chevrolet Malibu; 2004-2005 Chevrolet Malibu Maxx and some 2006 Chevrolet Malibu Maxx (as identified by VIN); some 2005-2006 and 2008-2009 Pontiac G6 (as identified by VIN); and some 2008-2009 Saturn Aura (as identified by VIN).

[3] "Bankruptcy Case" is defined in the Settlement Agreement as the chapter 11 case pending in the United States Bankruptcy Court for the Southern District of New York captioned *In re Motors Liquidation Company, et al., f/k/a General Motors Corp., et al.*, Case No. 09-50026 (MG).

[4] *See* Order Granting General Motors LLC's, the Motors Liquidation Company GUC Trust's, and Economic Loss Plaintiffs' Joint Motion to Withdraw the Reference of the Economic Loss Plaintiffs' Motion for an Order Granting Authority to File Late Class Proofs of Claim and Related Filings entered April 23, 2020 (Case No. 27-cv-02757, Docket No. 15).

WHEREAS, for purposes of considering and effectuating the terms of the Settlement Agreement, the Court finds that it has jurisdiction over the Settlement Agreement and each of the Parties;

WHEREAS, no party has filed an objection to preliminary approval of the Settlement Agreement;

WHEREAS, the Court having reviewed and considered the Settlement Agreement including all accompanying exhibits (including the Declaration of the Class Action Settlement Administrator and Allocation Decision), as well as the Substituted page 7 to the Settlement Agreement and amended Exhibits 5 (Long Form Notice), 9 (Settlement Claim Form), 11 (Short Form Notice), 12 (Summary Settlement Notice), 16 (Initial Press Release) and 17 (Reminder Press Release) to the Settlement Agreement, as filed by the Parties on April 24, 2020 (ECF 7876), the briefing and argument of the Parties made in support of preliminary approval of the Settlement Agreement, the Declaration of the Court-Appointed Economic Loss Settlement Mediator, and the Parties to the Settlement Agreement having requested that the Court enter this Order,

**IT IS HEREBY ORDERED AS FOLLOWS:**

I.    **PRELIMINARY APPROVAL OF THE SETTLEMENT AGREEMENT**

1.    The Court preliminarily approves the proposed Settlement Agreement, including the Allocation Decision, because the Parties have shown, and the Court concludes, that, pursuant to Federal Rule of Civil Procedure 23(e)(1)(B)(i), the Court will likely be able to grant final approval and find that the Settlement Agreement is fair, reasonable, and adequate, including that (i) Plaintiffs and Plaintiffs' Class Counsel have adequately represented the Class, (ii) the Subclass representatives and Allocation Counsel have adequately represented their respective Subclasses, (iii) the Settlement Agreement was entered into in good faith, free of collusion, through significant arm's-length negotiations assisted by the experienced Court-Appointed Economic Loss Settlement

Mediator; (iv) the Allocation Decision was reached through arm's-length negotiations and presentations from Allocation Counsel and then determined by the Court-Appointed Economic Loss Settlement Mediator; (v) the relief provided for the Class and each Subclass is adequate taking into account the costs, risks, and delay of trial and appeal and the effectiveness of distributing relief; and (vi) the Settlement Agreement and Allocation Decision treat Class Members equitably relative to each other.

2.      The Court authorizes establishment of the Common Fund in accordance with the terms of the Qualified Settlement Fund Trust Agreement, which is attached to the Settlement Agreement as Exhibit 7.  The Common Fund is established as a "qualified settlement fund" within the meaning of Section 468B of the Internal Revenue Code and the Treasury Regulations thereunder.  The Common Fund shall be operated in a manner consistent with the rules of Treasury Regulation Section 1.468B-1, *et seq*.  The Court shall retain continuing jurisdiction and supervision over the Common Fund, in accordance with the terms of the Qualified Settlement Fund Trust Agreement.  The Court appoints Flora Bian of JND Legal Administration as Qualified Settlement Fund Administrator and Trustee to carry out all duties and responsibilities of the Qualified Settlement Fund Administrator and Trustee as specified in the Settlement Agreement, the Qualified Settlement Fund Trust Agreement and herein.

3.      The Parties and the Motors Liquidation Company Avoidance Action Trust (the "AAT")  shall file an amended Settlement Agreement (the "Amended Settlement Agreement"), no later than May 1, 2020, which, in consideration for the AAT's agreement to contribute $2.2 million to the Common Fund, shall include a provision releasing all potential claims against Old GM, the Old GM bankruptcy estate and the AAT, and otherwise be consistent with (i) the terms set forth in that Joint Letter, dated April 22, 2020, filed at Docket Number 7869 and (ii) the representations

made on the record at the Joint Hearing held on April 23, 2020 before the Honorable Jesse M. Furman and the Honorable Martin Glenn. For the avoidance of doubt, and consistent with the Order (I) Approving the GUC Trust Administrator's Actions; (II) Approving the Settlement Agreement and the Release Agreement Pursuant to Federal Rule of Bankruptcy Procedure 9019 and (III) Authorizing Reallocation of GUC Trust Assets entered in the Bankruptcy Court (Dkt. 14730), any provisions in the Settlement Agreement preserving claims against Old GM, the Old GM bankruptcy estate and the AAT, including but not limited to paragraphs 142 and 143, are not preliminarily approved.

## II.    THE CLASS, CLASS REPRESENTATIVES, AND CLASS COUNSEL

4.    Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, for purposes of the Settlement only, the Court finds that it will likely be able to certify the following proposed settlement class:

> [A]ll Persons who, at any time as of or before the Recall Announcement Date of the Recall(s) applicable to the Subject Vehicle, own(ed), purchase(d), and/or lease(d) a Subject Vehicle in any of the fifty States, the District of Columbia, Puerto Rico, Guam, the U.S. Virgin Islands, and all other United States territories and/or possessions.

5.    Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, for purposes of the Settlement only, the Court finds that it will likely be able to certify the following proposed settlement subclasses:

(i)    Subclass 1: The Delta Ignition Switch Subclass, comprised of those Class Members who own(ed), purchase(d), and/or lease(d) a Subject Vehicle subject to NHTSA Recall No. 14v047.

(ii)    Subclass 2: The Key Rotation Subclass, comprised of those Class Members who own(ed), purchase(d), and/or lease(d) a Subject Vehicle subject to NHTSA Recall Nos. 14v355, 14v394, and 14v400.

(iii)    Subclass 3: The Camaro Knee-Key Subclass, comprised of those Class Members who own(ed), purchase(d), and/or lease(d) a Subject Vehicle subject to NHTSA Recall No. 14v346.

(iv)    Subclass 4:  The Electric Power Steering Subclass, comprised of those Class Members who own(ed), purchase(d), and/or lease(d) a Subject Vehicle subject to NHTSA Recall No. 14v153.

(v)    Subclass 5:  The Side Airbag Subclass, comprised of those Class Members who own(ed), purchase(d), and/or lease(d) a Subject Vehicle subject to NHTSA Recall No. 14v118.

6.    The Court finds, for settlement purposes only, that the Class, including all Subclasses as defined above, will likely meet the requirements for class certification under Federal Rules of Civil Procedure 23(a) and 23(b)(3) — namely (a) the Class Members are sufficiently numerous such that joinder is impracticable; (b) there are common questions of law and fact; (c) the Plaintiffs' claims are typical of those of the Class Members; (d) the Plaintiffs and Plaintiffs' Class Counsel have adequately represented, and will continue to adequately represent, the interests of the Class Members, and the Subclasses are adequately represented by proposed Subclass Counsel, which includes the attorneys who served as Allocation Counsel; and (e) questions of law and fact common to the Class predominate over the questions affecting only individual Class Members and certification of the Class is superior to other available methods for the fair and efficient adjudication of this controversy.

7.    The Class and Subclasses are subject to the exclusions set forth in Paragraph 12 of the Settlement Agreement.

8.    The Class and Subclasses, if certified in connection with Final Approval, shall be for settlement purposes only and without prejudice to the Parties in the event the Settlement is not finally approved by this Court or otherwise does not take effect.

9.    The Court, for settlement purposes only, appoints the following Plaintiffs as interim class representatives for the Class:

Valeria Glenn, Gerald Smith, Marion Smoke, Camille Burns, Joe Glover, Nettleton Auto Sales, Inc., Grace Belford, Barbara Hill, Ray Wieters, Patricia Barker, Chimen Basseri, Michael Benton, Sylvia Benton, Kimberly Brown, Kellie Cereceres, Crystal Hardin, Yvonne James-Bivins, Javier Malaga, Winifred Mattos, Santiago Orosco, David Padilla, Esperanza Ramirez, William Rukeyeser, Michelle Thomas, Trina Bruche, John Marvin Brutche, Jr., Margaret Lesnansky, Yvonne Elaine Rodriguez, Annet Tivin, Nathan Terry, Wandell Littles Beazer, Stacey Bowens, Robert Deleo, Celeste Deleo, Michael Pesce, Lisa Teicher, Tracey Perillo, LaTonia Tucker, Joni Ferden-Precht, Debra Forbes, Kim Genovese, Rhonda Haskins, Maria E. Santiago, Harvey Sobelman, Verlena Walker, Neysa Williams, Rochelle Bankhead, Carla Cartwright, Dale Dowdy, Jennifer Dunn, Towana Ferguson, Jenny Mathis, Billy Mosley, Clifford Turner, Barry Wilborn, Dennis Walther, Patricia Backus, Susan Benner, Debra Cole, Charlene Kapraun, Keith Nathan, Patrick Painter, Cliff Redmon, Lane Blackwell, Jr., Martha Cesco, Heather Holleman, Valerie Mortz Rogers, Cheryl Reed, Karen Rodman, Heidi Wood, Alphonso Wright, James Dooley, Lyle Wirtles, Carl Bosch, Evelyn Bosch, Phyllis Hartzell, Philip Zivnuska, Elizabeth Stewart, Dawn Talbot, Frances Ann Fagans, Lori Green, Raymond Naquin, Lisa West, Debra Quinn, Harry Albert, Marc Koppleman, Madelaine Koppelman, Melody Lombardo, Jerrod Pinkett, Robert Wyman, Debra Companion, Colin Elliott, Richard Leger, Susan Viens, Brittany Vining, Sheree Anderson, Marquetta Chestnut, Diana Cnossen, Rafael Lanis, Sophia Marks, David Price, Brian Semrau, Jacqueline Smith, Bryan Wallace, Franklin Wloch, Anna Allshouse, David Cleland, Janelle Davis, William Hill, Christine Leonzal, Cynthia Shatek, Jennifer Sullivan, Larry Haynes, Frances Howard, Elizabeth D. Johnson, Ashley Murray, Youloundra Smith, Linda Wright, Brad Akers,

Deloris Hamilton, Cynthia Hawkins, Kenneth Robinson, Ronald Robinson, Mario Stefano, Christopher Tinen, Patrice Witherspoon, Laurie Holzwarth, Susan Rangel, Bonnie Hensley, Sandra Horton, Wayne Wittenberg, Crystal Mellen, Michael Amezquita, Heather Francis, Anthony Juraitis, Gene Reagan, Steven Sileo, Javier Delacruz, Lorraine De Vargas, Arteca Heckard, Bernadette Romero, Irene Torres, Renate Glyttov, Sandra Levine, Nicole Mason, Donna Quagliana, Michael Rooney, William Ross, Richelle Draper, Gwen Moore, Leland Tilson, Jolene Mulske, Lisa Axelrod, Gail Bainbridge, Tracie Edwards, Georgianna Parisi, Peggy Robinson, Bradley Siefke, Steven M. Steidle, Bonnie Taylor, William Troiano, Reggie Welch, Carleta Burton, Deneise Burton, Debra Cummings, Jerrile Gordon, Paulette Hand, Jennifer Reeder, Bruce Wright, Denise Wright, William Bernick, Shelton Glass, Janice Bagley, Raymond Berg, Shawn Doucette, Shirley Gilbert, George Mathis, Paul Pollastro, David Schumacher, Greg Theobald, Mary Dias, Garrett Mancieri, Annette Hopkins, Frances James, Cassandra Legrand, Kimberly Mayfield, Edith Williams, Norma Lee Holmes, Catherine Senkle, Helen A. Brown, Alexis Byrd, Felisha Johnson, Sharon Newsome, Louise Tindell, Silas Walton, Gareebah Al-ghamdi, Dawn Bacon, Dawn Fuller, Michael Graciano, Shenyesa Henry, Keisha Hunter, Lisa McClellan, Lisa Simmons, Malinda Stafford, Alexis Crockett, Blair Tomlinson, Paul Jenks, Reynaldo Spellman, Michael Garcia, Tony Hiller, Stephanie Renee Carden, Melinda Graley, Nancy Bellow, Thomas Linder, Les Rouse, and Christy Smith.

10.     The Court, for settlement purposes only, appoints the following Plaintiffs as interim representatives of each Subclass:

Subclass 1: Valeria Glenn, Marion Smoke, Grace Belford, Barbara Hill, Ray Wieters, Camille Burns, Chimen Basseri, Michael Benton, Sylvia Benton,

Kimberly Brown, Crystal Hardin, Javier Malaga, Winifred Mattos, William Rukeyeser, Yvonne Elaine Rodriguez, Annet Tivin, Nathan Terry, Michael Pesce, LaTonia Tucker, Neysa Williams, Jennifer Dunn, Barry Wilborn, Patricia Backus, Susan Benner, Heather Holleman, Alphonso Wright, James Dooley, Philip Zivnuska, Dawn Talbot, Lisa West, Debra Quinn, Robert Wyman, Colin Elliott, Richard Leger, Sheree Anderson, Rafael Lanis, Anna Allshouse, Janelle Davis, William Hill, Elizabeth D. Johnson, Linda Wright, Kenneth Robinson, Laurie Holzwarth, Susan Rangel, Sandra Horton, Wayne Wittenberg, Michael Amezquita, Steven Sileo, Javier Delacruz, Bernadette Romero, Donna Quagliana, Michael Rooney, William Ross, Leland Tilson, Jolene Mulske, Bonnie Taylor, Jerrile Gordon, Paulette Hand, William Bernick, Janice Bagley, Shawn Doucette, Shirley Gilbert, George Mathis, Paul Pollastro, Mary Dias, Garrett Mancieri, Frances James,  Norma Lee Holmes, Helen A. Brown, Silas Walton, Michael Graciano, Keisha Hunter, Alexis Crockett, Blair Tomlinson, Melinda Graley, and Nancy Bellow.

Subclass 2: Gerald Smith, Joe Glover, Yvonne James-Bivins, Michelle Thomas, Trina Bruche, John Marvin Brutche, Jr., Wandell Littles Beazer, Stacey Bowens, Debra Forbes, Rhonda Haskins, Verlena Walker, Jenny Mathis, Debra Cole, Charlene Kapraun, Keith Nathan, Martha Cesco, Cheryl Reed, Lyle Wirtles, Lori Green, Raymond Naquin, Jerrod Pinkett, Brittany Vining, Sophia Marks, David Price, Brian Semrau, Franklin Wloch, Christine Leonzal, Larry Haynes, Youloundra Smith, Deloris Hamilton, Ronald Robinson, Heather Francis, Arteca Heckard, Irene Torres, Gwen Moore, Lisa Axelrod, Tracie Edwards, Georgianna

Parisi, Bradley Siefke, Steven M. Steidle, William Troiano, Carleta Burton, Shelton Glass, Annette Hopkins, Cassandra Legrand, Kimberly Mayfield, Gareebah Alghamdi, Dawn Bacon, Dawn Fuller, and Malinda Stafford.

Subclass 3: Santiago Orosco, Harvey Sobelman, Billy Mosley, Cliff Redmon, Valerie Mortz Rogers, Harry Albert, Ashley Murray, Mario Stefano, Debra Cummings, Bruce Wright, Denise Wright, and Sharon Newsome.

Subclass 4: Celeste Deleo, Dale Dowdy, Lane Blackwell, Jr., Melody Lombardo, Susan Viens, Reggie Welch, Felisha Johnson, and Reynaldo Spellman.

Subclass 5: Kellie Cereceres, Margaret Lesnansky, Joni Ferden-Precht, Rochelle Bankhead, Towana Ferguson, Heidi Wood, Carl Bosch, Evelyn Bosch, Bryan Wallace, Jennifer Sullivan, Christopher Tinen, Bonnie Hensley, Richelle Draper, Gail Bainbridge, Raymond Berg, David Schumacher, Greg Theobald, Alexis Byrd, Paul Jenks, and Christy Smith.

11.    The Court appoints, for settlement purposes only, Steve W. Berman, of Hagens Berman Sobol Shapiro LLP and Elizabeth J. Cabraser of Lieff Cabraser Heimann & Bernstein, LLP as interim Class Counsel under Federal Rule of Civil Procedure 23(g)(3).  Class Counsel are authorized to act on behalf of the Class with respect to all acts required by, or which may be given pursuant to, the Settlement Agreement or such other acts that are reasonably necessary to consummate the proposed Settlement set forth in the Settlement Agreement.

12.    The Court appoints on an interim basis, for settlement allocation purposes only, (i) Marc Seltzer of Susman Godfrey as Subclass 1 Counsel; (ii) Joe Rice and Kevin Dean of Motley Rice as Subclass 2 Counsel; (iii) Peter Prieto and Matthew Weinshall of Podhurst Orseck, P.A. as Subclass 3 Counsel; (iv) David Boies and Steven Davis of Boies Schiller Flexner LLP as Subclass

4 Counsel; and (v) Adam Levitt and John Tangren of DiCello Levitt Gutzler as Subclass 5 Counsel (collectively, "Subclass Counsel").  Subclass Counsel are authorized to act on behalf of the Subclasses with respect to all acts required by, or which may be given pursuant to, the Settlement Agreement or such other acts that are reasonably necessary to consummate the proposed Settlement set forth in the Settlement Agreement.

### III.    APPROVAL OF THE FORM AND MANNER OF NOTICE

13.    Class Notice will be accomplished through a program overseen by the Class Action Settlement Administrator utilizing a combination of the Short Form Notice (amended Exhibit 11), Summary Settlement Notice (amended Exhibit 12), nationwide press releases (amended Exhibits 16 and 17), notice through the Settlement website that is separate and distinct from the MDL website, and Long Form Notice (amended Exhibit 5). Specifically, the Class Action Settlement Administrator shall (i) arrange for publication of the Summary Settlement Notice, substantially in the form attached as amended Exhibit 12 to the Settlement Agreement, in *People* magazine, and (ii) cause the dissemination of nationwide press releases, as described in the Declaration of the Class Action Settlement Administrator, in substantially the form agreed upon by the Parties and attached to the Settlement Agreement as amended Exhibits 16 and 17 at the commencement of the Class Notice program and again shortly before the deadline for the Settlement Claim Period.

14.    Pursuant to the Court's inquiry set forth in Section II.D.1 of the Court's Order entered on April 22, 2020 (Docket No. 7868), the Parties proposed edits to the Class Notice documents reflected (reflected in amended Exhibits 5, 11, 12, 16 and 17) make clear, as provided in Paragraph 114 of the Settlement Agreement, that the Settlement does not affect claims for personal injury, wrongful death, or property damages.  The Court approves amended Exhibits 5, 11, 12, 16 and 17 as sufficient and appropriate to address the Court's inquiry.

15.     Additionally, the Class Action Settlement Administrator shall send the Short Form Notice, substantially in the form attached to the Settlement Agreement as amended Exhibit 11, as direct notice by postcard via first class U.S. mail, proper postage prepaid, to the Class Members as identified by vehicle registration data after utilizing a service for updating addresses.  In addition, the Class Action Settlement Administrator shall: (a) re-mail promptly any Short Form Notices returned by the United States Postal Service with a forwarding address; and (b) utilize other methods to identify Class Members for any returned Short Form Notices that do not include a forwarding address, such as address research firms or email identification services, deemed proper by the Class Action Settlement Administrator.

16.     The Court finds that both the Short Form and Summary Settlement Notice sufficiently inform potential Class Members how to obtain the Long Form Notice via the Settlement website, via regular mail, or via a toll-free telephone number, pursuant to Sections III.E and III.F of the Settlement Agreement.  The Long Form Notice shall be made available to Class Members in substantially the form attached as amended Exhibit 5 to the Settlement Agreement via the Settlement website and via regular mail upon request made by a Class Member via the website or the toll-free telephone number.

17.     Pursuant to Federal Rules of Civil Procedure 23(e)(1) and 23(c)(2)(B), the Court finds that the content, format, and method of disseminating Class Notice set forth in the Settlement Agreement, including the form and content of the proposed forms of Class Notice attached as Exhibits 5 (Long Form Notice), 11 (Short Form Notice), and 12 (Summary Settlement Notice) to the Settlement Agreement, is the best notice practicable under the circumstances and satisfies all legal requirements, including Federal Rule of Civil Procedure 23(c)(2)(B) and the Due Process Clause.

18.     The Court further finds that the proposed forms of Class Notice clearly and concisely state in plain, easily understood language, *inter alia*: (i) the nature of the Actions; (ii) the definition of the Class and the Subclasses; (iii) the nature of the Class claims and issues; (iv) that a Class Member may enter an appearance through an attorney if the member so desires; (v) that the Court will exclude from the Class any member who timely and validly requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on Class Members under Federal Rule of Civil Procedure 23(c)(3).

19.     The Court further finds that the Class Notice informs Class Members of the Settlement in a reasonable manner under Federal Rule of Civil Procedure 23(e)(1)(B) because it fairly apprises the prospective Class Members of the terms of the proposed Settlement and of the options that are open to them in connection with the proceedings.

20.     The Court therefore approves the proposed Class Notice plan, and hereby directs that such notice be disseminated to Class Members in the manner set forth in the Settlement Agreement and described in the Declaration of the Class Action Settlement Administrator attached as Exhibit 14 to the Settlement Agreement under Federal Rule of Civil Procedure 23(e)(1).  The Plaintiffs, New GM, and the GUC Trust are directed to take all necessary and appropriate steps to disseminate Class Notice, including Notice substantially in the forms of amended Exhibits 5 (Long Form Notice), 11 (Short Form Notice), and 12 (Summary Settlement Notice) to the Settlement Agreement.  The Parties are further directed to ensure the MDL website provides a link to the Settlement website.

21.     The Court appoints Jennifer Keough of JND Legal Administration ("JND") as Class Action Settlement Administrator and directs Ms. Keough to carry out all duties and responsibilities of the Class Action Settlement Administrator as specified in the Settlement

Agreement and herein.  The Court authorizes the Class Action Settlement Administrator, through

data aggregators or otherwise, to request, obtain and utilize vehicle registration information from

the Department of Motor Vehicles for all 50 states, the District of Columbia, Puerto Rico, Guam,

the U.S. Virgin Islands and all other United States territories and/or possessions for the purposes

of identifying the identity of and contact information for purchasers and lessees of Subject

Vehicles.  Vehicle registration information includes, but is not limited to, owner/lessee name and

address information, registration date, year, make, and model of the vehicle.

22.      Pursuant to the Settlement Agreement, all Settlement Implementation Expenses,

including but not limited to the costs of Class Notice and retention of the Class Action Settlement

Administrator and the Qualified Settlement Fund Administrator and Trustee, shall be paid from

the Common Fund, but only upon either (i) written approval by Plaintiffs' Class Counsel, New

GM, and the GUC Trust or (ii) leave of Court.

## IV.    SETTLEMENT PARTICIPATION, EXCLUSION, AND OBJECTION PROCEDURES

23.      Class Members must submit a timely Settlement Claim Form, in the form

substantially similar to amended Exhibit 9 to the Settlement Agreement, in order to become a

Settlement Claimant eligible for a settlement payment pursuant to Section II.A of the Settlement

Agreement.  All Settlement Claim Forms must be submitted during the Settlement Claim Period.

In response to the Court's inquiry in Paragraph II.E.2 of the Court's April 22, 2020 Order, the

Parties amended Exhibit 9 to clarify as required by Paragraph 82 of the Settlement Agreement,

that only Class Members who are current owners, purchasers or lessees of a Subject Vehicle are

required under the Settlement to receive the applicable Recall repair(s) by an authorized GM dealer

in order to be eligible to receive a settlement payment.  The Court finds that the edits reflected in

amended Exhibit 9 are sufficient and appropriate to address the Court's inquiry.  As reflected in

14

amended Exhibit 9, the Settlement provides that the Settlement Claim Form may be submitted by mail to the Class Action Settlement Administrator, by email to the Class Action Settlement Administrator, or electronically on the Settlement website via a Settlement Claim Form fillable and submittable online.

24.    The Settlement Claim Period, during which Class Members may submit a Settlement Claim Form for review by the Class Action Settlement Administrator, will begin on the date of this Order and end 90 days after the Final Effective Date. [5]  Any Settlement Claim submitted after the Settlement Claim Period concludes will be rejected by the Class Action Settlement Administrator as untimely, and cannot qualify for a settlement payment.

25.    The Class Action Settlement Administrator shall not begin to review and evaluate Settlement Claims for eligibility until after the occurrence of the Final Effective Date.  Settlement Claims approved by the Class Action Settlement Administrator shall be paid from the Net Common Fund by the Qualified Settlement Fund Administrator and Trustee in accordance with the final determinations made by the Class Action Settlement Administrator pursuant to the Settlement Claim Review Protocol, the Allocation Decision, and the terms of the Settlement Agreement and the Qualified Settlement Fund Trust Agreement.

26.    As detailed in Section IV of the Settlement Agreement, all Persons who request to become Opt-Outs must do so by mailing a written, hand-signed request to the Class Action Settlement Administrator at the address provided in the Long Form Notice (amended Exhibit 5 to the Settlement Agreement), specifying that such Person wants to become an Opt-Out, the dates of

---

[5] Pursuant to the Court's inquiry set forth in Section II.E.3 of the Court's April 22, 2020 Order, the Parties agreed to a Substituted page 7 to the Settlement Agreement that revises subpart (c) of Paragraph 24 of the Settlement Agreement to provide that any agreement in writing by Plaintiffs' Class Counsel, New GM and the GUC Trust for the Final Effective Date to occur on a date other than as set forth in subparts (a) and (b) of Paragraph 24 shall only be effective if approved by this Court.  The Court finds that the Parties' revision of Paragraph 24 is sufficient and appropriate to address the Court's request.

ownership or lease of the Subject Vehicle, the make, model, model year, and VIN of the Subject Vehicle, the Person's current address, the Person's address at the time of ownership or lease of the Subject Vehicle, and otherwise complying with the terms stated in the Long Form Notice and this Order.  The Opt-Out request must be postmarked no later than **October 19, 2020**, which is 175 days after entry of this Order (the "Opt-Out Deadline").

27.     Potential Class Members who exercise the right to opt out of the Settlement must do so for all claims that the Potential Class Member possesses against the GUC Trust, Old GM, or New GM.

28.     Any potential Class Member who has submitted a timely and valid request to become an Opt-Out may revoke such request by filing written notice of such revocation with the Court at any time prior to entry of the Final Judgment.

29.     The Class Action Settlement Administrator shall provide to Plaintiffs' Class Counsel, New GM's Counsel, and the GUC Trust's counsel a weekly list of the Opt-Outs categorized by Subject Vehicle.

30.     No later than thirty (30) days before the date of the Fairness Hearing, the Class Action Settlement Administrator shall file with this Court a list of those Persons who seek to become Opt-Outs, as well as a declaration outlining the scope, method, and results of the Class Notice program.  To the extent the Parties determine that it is necessary for this filing to contain information that the Parties propose to redact or file under seal, the Parties are directed to follow Paragraph 7 of the Court's Individual Rules and Practices in Civil Cases.

31.     Any potential Class Member who does not file a timely written request to become an Opt-Out in compliance with paragraph 24 hereof shall be bound by all subsequent proceedings, orders and judgments, including, but not limited to, the Class Members' Release, the Final Order,

and the Final Judgment, even if such Class Member has litigation pending or subsequently initiates or attempts to initiate litigation against any Released Party relating to the claims and transactions released under the Settlement Agreement.

32.     If a potential Class Member files a request to become an Opt-Out, such Person may not file an objection to the Settlement, Final Order, or Final Judgment.

33.     Any Class Member who has not filed a timely written request to become an Opt-Out and who wishes to object to the fairness, reasonableness, or adequacy of the Settlement Agreement, to the award of Attorneys' Fees and Expenses, or the Plaintiff Incentive Awards, must file with this Court a written statement of the Class Member's objections (a "Settlement Objection").  The Settlement Objection must be postmarked by **October 19, 2020**, which is 175 days after entry of this Order.

34.     Any such Settlement Objection must include the specific reason(s) for the objection, including any legal support the Class Member wishes to bring to the Court's attention, any evidence or other information the Class Member wishes to introduce in support of the Settlement Objection, and a statement of whether the Class Member intends to appear and speak at the Fairness Hearing in support of the Settlement Objection.  The Settlement Objection must also include proof that the Person is a Class Member, including, the Person's date(s) of ownership or lease of the Subject Vehicle(s), the make, model, model year and the VIN(s) of the Subject Vehicle(s) to which the Settlement Objection applies, the Person's current address, and the Person's address at the time of ownership or lease of the Subject Vehicle.

35.     Any Class Member who files and serves a Settlement Objection, as described herein and in Section V of the Settlement Agreement, may appear at the Fairness Hearing, either in person or through personal counsel hired at the Class Member's expense, to speak in support of such

objection.  Class Members or their attorneys who intend to make an appearance at the Fairness

Hearing must file with this Court, by **October 19, 2020**, a notice of intention to appear at the

Fairness Hearing.  All attorneys who will be representing Class Members shall, at their own or

those Class Members' expense, file a notice of appearance in the MDL as directed in the Settlement

Agreement and Long Form Notice.

36.    Only Class Members who have filed valid and timely Settlement Objections and

notices in accordance with paragraphs 31, 32, and 33 hereof shall be entitled to be heard at the

Fairness Hearing.  Any Class Member who does not timely file a Settlement Objection in writing

in accordance with the procedures set forth in the Settlement Agreement and mandated by this

Order shall waive and forfeit any and all rights such Class Member may have to appear separately

and/or to object to the Settlement at the Fairness Hearing, and shall be bound by all the terms of

the Settlement Agreement and by all proceedings, orders and judgments, including, but not limited

to, the Class Members' Release, the Final Order, the Final Judgment and the GUC Trust Approval

Order.

37.    Any Class Member who objects to the Settlement shall be entitled to all of the

benefits of the Settlement if the Settlement Agreement and the terms contained therein are

approved, as long as the objecting Class Member complies with all requirements of the Settlement

Agreement applicable to Class Members, including the timely submission of Settlement Claim

Forms and other requirements herein.

## V.    JOINT HEARING, FAIRNESS HEARING, AND DEADLINES

38.    The Parties provided proper notice of, and the MDL Court and the Bankruptcy

Court held a Joint Hearing on April 23, 2020 at 9:30 a.m. before the Honorable Jesse M. Furman

and the Honorable Martin Glenn regarding: (a) the Parties' *Joint Motion for Preliminary Approval*;

(b) the Parties' *Joint Motion to Withdraw the Reference of the Economic Loss Plaintiffs' Motion*

*for an Order Granting Authority to File Late Class Proofs of Claim and Related Filings*; and (c) the GUC Trust's *Motion for Entry of an Order Approving (I) the GUC Trust Administrator's Actions; (II) the Settlement Agreement and the Release Agreement Pursuant to Federal Rule of Bankruptcy Procedure 9019, and (III) the Reallocation of GUC Trust Assets*.

39.    The Court will hold a Fairness Hearing on December 18, 2020, at 9:30 a.m. in Courtroom 1105 of Thurgood Marshall United States Courthouse, located at 40 Centre Street, New York, NY 10007.  The purpose of the Fairness Hearing will be to: (i) determine whether the proposed Settlement is fair, reasonable and adequate to the Class, and should be approved by the Court; (ii) determine whether judgment should be entered pursuant to the Settlement Agreement, dismissing the Actions with prejudice and granting the Class Members' Release; (iii) determine whether the Class should be finally certified for purposes of settlement; (iv) consider any properly filed Settlement Objections; and (v) consider any other matters necessary in connection with the final approval of the Settlement Agreement.

40.    The Court may, in its discretion, modify the location, date, and/or time of the Fairness Hearing, the Joint Hearing, or any other dates or deadlines.  In the event the Court changes the location, date, and/or time of the Fairness Hearing, the new date and time shall be posted on the Settlement Website.

41.    No later than **November 9, 2020**, *i.e.*, the first business day more than 195 days after entry of this Order, the Parties and/or any Class Member supporting the Settlement may submit briefing and any related materials in response to any Settlement Objections and/or in support of the Settlement.[6]  Any opposition to final approval of the Settlement shall be filed by

---

[6]  As discussed during the April 23, 2020 hearing, any submissions supporting final approval should address whether the number of subclasses is sufficient — in other words, whether there are conflicts within the subclasses that would bear on final approval.

November 23, 2020; any reply shall be filed by **December 3, 2020**.  Any submissions by the Parties shall be filed unless leave is obtained from the Court to file separately.

42.     No later than **September 28, 2020**, *i.e.*, 154 days after entry of this Order, Class Counsel shall file a motion for Attorneys' Fees and Expenses in accordance with the terms of Section VIII of the Settlement Agreement.  Any opposition shall be filed within two weeks of the motion; any reply shall be filed within one week of the opposition.

## VI.     OTHER PROVISIONS

43.     Plaintiffs' Class Counsel, New GM's Counsel, and the GUC Trust's Counsel are authorized to take, without further Court approval, all necessary and appropriate steps to implement the Settlement Agreement according to its terms, including the Class Notice program.

44.     If the Settlement Agreement is not approved by the Court or is terminated in accordance with its terms, the Settlement Agreement and any actions taken or to be taken in connection therewith (including this Preliminary Approval Order and any judgment entered herein), shall be terminated and shall become null and void and of no further force and effect except for (i) any obligations to pay for any expense incurred in connection with Notice and administration as set forth in the Settlement Agreement, and (ii) any other orders, obligations or provisions that are expressly designated in the Settlement Agreement to survive the termination of the Settlement Agreement.

45.     Plaintiffs' Class Counsel may petition the Court for Plaintiff Incentive Awards for some or all Plaintiffs for their time in connection with the Actions, in addition to the settlement payment amounts they receive for the Settlement Claims.[7]  Any individual incentive/service awards made to Plaintiffs must be approved by this Court and shall be paid by the Qualified

---

[7] Plaintiffs' Class Counsel will propose that the Plaintiff Incentive Awards be in the amount of $2,000 for each of the Plaintiffs who were deposed in MDL 2543 and $1,000 for all other Plaintiffs.

Settlement Fund Administrator and Trustee out of the Common Fund, within the later of 30 days of the Final Effective Date or the expiration of any appeal period or the resolution of any and all appeals relating to the individual incentive/service awards.

46.     All Persons, including Plaintiffs, all potential Class Members and any parties in the Bankruptcy Case, are stayed and enjoined from all challenges or other litigation arising out of, in connection with, or related to the Settlement Agreement other than the litigation in this Court concerning final approval of this Settlement Agreement or a breach of this Settlement Agreement.

47.     Pending determination of whether the Settlement Agreement should be granted final approval, all Actions are stayed and all potential Class Members are enjoined from litigating, pursuing, making, or proceeding with any actions, claims, or other matters involving any economic loss claims relating to the Recalls or any vehicle subject to the Recalls.

48.     Without further order of the Court, the Parties may make non-material modifications to the Settlement Agreement (including the exhibits thereto) that are not inconsistent with this Preliminary Approval Order and that the parties jointly agree in writing are reasonable or necessary, including making minor changes to the Settlement Agreement, to the form or content of the Class Notice, or to any other exhibits.

49.     The Court shall retain jurisdiction over the Settlement Agreement and the Actions pending before this Court to consider all further matters arising out of or connected with the Settlement.

50.     The Clerk of Court is directed to terminate ECF No. 7816.

**IT IS SO ORDERED.**

Dated: April 27, 2020                    _____

HONORABLE JESSE M. FURMAN
UNITED STATES DISTRICT COURT JUDGE

21